**KNEUPPER & COVEY, PC**
Kevin Kneupper, Esq. (CA SBN 325413)
kevin@kneuppercovey.com
4475 Peachtree Lakes Dr.
Berkeley Lake GA 30096
Tel: 512-420-8407

*Attorneys for Plaintiff Stephanie Cummings and the putative Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CUMMINGS, | Case No.: 2:19−cv−08766 DMG (AGRx) |
| Plaintiff, | **DECLARATION OF KEVIN KNEUPPER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE – DISCOVERY MATTER** |
| vs. | |
| JOHN DOES 1-10, | |
| Defendant(s) | |

I, Kevin Kneupper, do hereby declare and state as follows:

1. I am an attorney admitted to practice in the Central District of California.

2. The statements made in this declaration are based on my personal knowledge.

3. Both before and after filing this lawsuit, Kneupper & Covey PC has made extensive efforts to identify the John Doe Defendants in this litigation. I have a background in website development and operation, having personally run more than a dozen websites as part of a prior business endeavor, and have substantial experience analyzing software, its functionality, and its source code from working on a number of patent lawsuits involving enterprise software.

DECLARATION OF KEVIN KNEUPPER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

1

4. Kneupper & Covey PC retained technical consultants to conduct an analysis of the publicly available information regarding the servers associated with immortelleyouth.com, tryimmortelleyouth.com, and various other websites that were potentially related to those sites. I worked with those consultants to analyze the publicly available source code for these websites, as well as other information relating to their servers, their hosting, their mail servers, and their domain registration.

5. On October 11, 2019, I sent an e-mail with the complaint attached to support@immortelleyouth.com, the e-mail listed as the contact information. This information is currently the only known functional contact information for any John Doe.

6. On October 11, 2019, I called the contact number listed on the immortelleyouth.com website, (800) 641-0159. I identified myself as an attorney, stated that a lawsuit had been filed regarding Immortelle Youth, and requested to be put into contact with the attorneys for that company. The individual who answered the phone requested time to speak to a manager, and after doing so informed me that he worked at a third party call center but that they would inform the Immortelle Youth company and provide them with my contact information. The individual did not otherwise identify themselves or the name of the call center.

7. On October 12, 2019, I sent a copy of the complaint and a cover demand letter via certified mail to the P.O. Box listed as the contact address in the terms of service on immortelleyouth.com, P.O. Box 52022, Phoenix AZ 85072. That copy of the complaint was delivered on October 16, 2019.

8. On October 15, 2019, unknown individuals began issuing refunds to the account of Plaintiff Stephanie Cummings, and e-mails were sent to her from the support@immortelleyouth.com e-mail address regarding those refunds.

9. On October 17, 2019, I e-mailed the Initial Standing Order to the support@immortelleyouth.com e-mail address, and again requested that the John Doe(s) contact me. I received no further response.

DECLARATION OF KEVIN KNEUPPER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

2

10.  On October 30, 2019, I retained a private investigator in an attempt to identify the Defendants, but without success.

11.  On December 2, 2019, after determining that no further investigative efforts would be fruitful, I forwarded a copy of a draft of the instant motion to the support@immortelleyouth.com e-mail address, but have received no response to date. A few days after sending the e-mail, the immortelleyouth.com website was removed from the Internet and returned only a 403 error.

12.  After filing the complaint, I continued to analyze various documents and materials relating to the case in an unsuccessful effort to confirm the identities of the John Does at issue. While there are references to a Nevada corporation in the source code for the websites at issue, as well as contact information for that Nevada corporation, I have been unable to confirm with certainty from publicly available information that this corporation is specifically involved with Immortelle Youth. The Nevada corporation at issue is run by a former California lawyer who resigned from the bar after proceedings were initiated against him by the State Bar. That corporation appears to be running similar "free trial" scams, but because scammers frequently copy each other's websites, and because there are differences in the server information and in the source code for the sites at issue, I am unaware of any way to confirm from publicly available information that this Nevada corporation is in fact the John Doe at issue here.

13.  The John Doe responsible for the immortelleyouth.com and tryimmortelleyouth.com websites appears to have attempted to make evidence regarding their identity unavailable in this lawsuit by a shifting its domain registrar to a foreign company located out of Panama, WhoisGuard Inc. I have come to this belief based on reviewing historical "Whois" data from ICANN, the entity responsible for registering domains. Prior to sending the John Doe a copy of the lawsuit, these domains had been registered through NameCheap, Inc., a United States corporation.

14.  This John Doe further appears to have committed spoliation by deleting the tryimmortelleyouth.com and immortelleyouth.com websites entirely or otherwise altering

DECLARATION OF KEVIN KNEUPPER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

3

them. Whereas previously attempting to access the tryimmortelleyouth.com home page returned a 403 error (a response from a computer server indicating that the user does not have permission to access a particular page on a live website), after counsel first communicated with the John Doe, the website subsequently did not connect to a server at all (meaning whatever website was previously there is no longer live and has been removed entirely). After recently informing the John Doe that the instant motion would soon be filed, the immortelleyouth.com website, which was previously accessible, now returns a 403 error. And the tryimmortelleyouth.com website, which prior to the most recent contact attempt was removed entirely, now again returns a 403 error.

15. On December 2, 2019, after determining that no further investigative efforts would be fruitful, I forwarded a copy of a draft of the instant motion to the support@immortelleyouth.com e-mail address, but have received no response.

16. As part of my investigation, I attempted to identify potential third party subpoena targets who may possess information about the identities of the John Does.

17. Based on a review of historical server information, including from the website securitytrails.com, NameCheap Inc. is the company which was used to register all three of the domain names identified in the complaint: tryimmortelleyouth.com; immortelleyouth.com; and article-news.online. NameCheap Inc. further appears to have acted as the host for these domains during at least some of the period at issue. As such, the company is likely to have identifying information regarding the John Doe responsible for creating Immortelle Youth and at least one John Doe affiliate.

18. Cloudflare Inc. is a web hosting company which appears based on information at securitytrails.com to have hosted all three of the domain names identified in the complaint for at least some of the period at issue.

19. Based on an analysis of information on the website securitytrails.com, Amazon Inc. acted as the mail server host for two of the websites at issue, tryimmortelleyouth.com and immortelleyouth.com. As such, the company is likely to have identifying information regarding the John Doe responsible for creating Immortelle

DECLARATION OF KEVIN KNEUPPER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

4

Youth. Amazon Inc. further offered several of the products at issue for sale via third party merchants, and thus would have identifying information regarding whoever the third party or parties were who was selling Immortelle Youth products through Amazon.

20. International Association of Better Business Bureaus, Inc. is the Better Business Bureau ("BBB") entity which operates the BBB's primary website, bbb.org. An unknown individual repeatedly commented on behalf of Immortelle Youth on the BBB's website on a page relating to the product, relying on the "false front" website identified in the complaint to falsely respond to customer complaints by alleging that the customers had consented to the free trials at issue. There are further comments by an unknown individual on other product pages associated with the Nevada corporation listed in the immortelleyouth.com Privacy Policy and source code, and if the IP addresses for those commenters match, it would prove that the same company was behind Immortelle Youth.

21. Attached to this motion as Exhibit 1 is a true and correct copy of a USPS delivery receipt for the copy of the complaint which was sent to P.O. Box 52022, Phoenix AZ 85072.

22. Attached to this motion as Exhibit 2 is a true and correct copy of one of the refund e-mails which was sent to Plaintiff Stephanie Cummings from the support@immortelleyouth.com e-mail address on October 15, 2019.

23. Attached to this motion as Exhibit 3 is a true and correct copy of a draft subpoena to NameCheap Inc.

24. Attached to this motion as Exhibit 4 is a true and correct copy of a draft subpoena to Cloudflare Inc.

25. Attached to this motion as Exhibit 5 is a true and correct copy of a draft subpoena to Amazon Inc.

26. Attached to this motion as Exhibit 6 is a true and correct copy of a draft subpoena to International Association of Better Business Bureaus, Inc.

27. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DECLARATION OF KEVIN KNEUPPER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

5

Executed on December 9, 2019 in Glendale, California.

BY: <u>/s/Kevin M. Kneupper</u>
Kevin M. Kneupper