Kevin Kneupper, Esq. (CA SBN 325413)
Kneupper & Covey, PC
4475 Peachtree Lakes Dr.
Berkeley Lake GA 30096
512-420-8407
kevin@kneuppercovey.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CUMMINGS,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN DOE 1-10,<br><br>        Defendants | Case No.: 2:19−cv−08766 DMG (AGRx)<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** |

## I. INTRODUCTION

On January 10, 2020, the Court issued an order for Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute for failing to serve the Complaint. Because of the unique posture of John Doe cases, this is not presently possible, although Plaintiff is diligently seeking the identity of a Defendant to serve.

In John Doe cases, "where the identity of alleged defendants will not be known prior to the filing of a complaint[,]…the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Because there is no Defendant present, the Plaintiff must seek leave to take that discovery *ex parte*, and as part of doing so must have "recounted the steps taken to locate and identify the defendant." *Dhillon v.*

*Does 1-10*, No. C 13-1465 SI, 2013 WL 5367783, at *1 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)).

      While the Complaint here has not been served, this is not due to unreasonable delay by the Plaintiff, but rather due to the lack of a known Defendant to serve. The Plaintiff took a number of steps to attempt to identify the Defendants, including contact attempts via e-mail, mail, and telephone, a source code and server analysis, and hiring a private detective, but was unable to identify them. *See* Dkt. 7 at 3-4. Several factors have contributed to the three-month delay in service thus far: the need to take reasonable steps to locate the Defendants for service prior to seeking *ex parte* third-party discovery, the process of drafting, filing, and the resolution of that *ex parte* motion, dkts. 7-8, the Christmas holiday which delayed service of the subpoenas for one of the third parties, and now the need for time for the third parties to search for responsive documents and respond to those subpoenas.

      At present, the Plaintiff is in the middle of conducting third-party discovery in an effort to identify at least one of the Defendants, a prerequisite to service of process. This discovery was approved by the Court on December 18, 2019. Dkt. 8. Four subpoenas have been served: on Namecheap, Inc. on December 27, 2019, on Cloudflare, Inc. on December 27, 2019, on Amazon.com Inc. on December 27, 2019, and on the International Association of Better Business Bureaus on January 7, 2020. Kneupper Decl. at 1.

      The deadline for a response to the subpoenas was set for January 20, 2020, but Plaintiff has yet to hear from any of these third parties other than Namecheap, who acknowledged receipt of the subpoena. Kneupper Decl. at 1-2. The status of the third party's searches for responsive documents is thus unknown, as is whether any of the third parties will need extensions of time, which are customarily granted within reason to avoid burdening those third parties.

      Because the Plaintiff does not presently know the identity of any of the Defendants, the Plaintiff is unable to serve the Complaint. Plaintiff intends to expeditiously pursue the third-party subpoenas approved by the Court. If a John Doe Defendant is identified through

that discovery, Plaintiff intends to serve the Complaint on that Defendant and seek the identities of the remainder of the Defendants through them. If only an IP address is available, Plaintiff intends to seek leave to serve another subpoena or subpoenas on the appropriate Internet Service Providers who would be able to tie the IP address to an actual person. If no information is available through the third-party discovery process, the Plaintiff may be forced to voluntarily dismiss without prejudice, and Plaintiff is mindful of the need to do so expeditiously to avoid burdening the Court's docket. *See* Fed. R. Civ. P. 41(a)(1)(A).

## II.     ARGUMENT

District Courts "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

With respect to the first factor, the interest in expeditious resolution, the 9th Circuit has held that "[i]n dismissing a case for lack of prosecution, the court must find unreasonable delay." *Id.* at 1451. Here, the delay in service has been 3 months, but it has been driven entirely by the John Doe Defendants' successful efforts to conceal themselves. As alleged in the Complaint, the John Does are operating a "free trial scam" and have thus gone to great lengths to hide themselves. *See* Dkt. 1; dkt. 7 at 3-5. The delay so far has been minimal in light of the task of identifying anonymous John Does, which requires both a reasonable effort to identify and contact those John Does, a subsequent *ex parte* motion for leave to serve third-party discovery if those efforts fail, and the service of and responses to that third-party discovery.

With respect to the second factor, the court's need to manage its docket, "[t]his factor is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay. A reviewing court also gives deference to the district court here since it knows when its docket may become

unmanageable." *Id.* at 1452. Ultimately this court is the best judge of the management of its docket and as to the analysis of this factor, but Plaintiff respectfully submits that at least as of this time and until the third-party subpoena process has been exhausted, this factor does not weigh in favor of dismissal.

With respect to the third factor, the risk of prejudice to the Defendants, there is a "rebuttable presumption of prejudice." *Id.* at 1453. But where "a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice. If [the plaintiff] does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse. At that point, the court must exercise its discretion by weighing the relevant factors — time, excuse, and prejudice." *Id.* (quoting *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980) (brackets added).

Here, any prejudice to the Defendants is of their own making. At least one John Doe Defendant is aware of the lawsuit, and a copy of the lawsuit has also been sent to the return address for the John Doe fulfillment company. Further, the Plaintiff's excuse for delay (the lack of a Defendant to serve, the need to make efforts to identify Defendants, and the subsequent need to subpoena third parties) is not frivolous in light of the minimal delay thus far (3 months). The burden would ordinarily shift to the Defendant, but none has been identified or appeared here.

With respect to the fourth factor, the public policy favoring the disposition of cases on their merits, "courts weigh this factor against the plaintiff's delay and the prejudice suffered by the defendant." *Id.* at 1454. And Plaintiff here recognizes that "it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Id.*

At this point in time, this factor heavily weighs against dismissal. The John Doe Defendants have not yet been identified, but Plaintiff is in the middle of the third-party subpoena process required to do so. All four subpoenas have been served, but the Plaintiff

has not yet received any responsive documents. If the subpoena process fails to identify any of the John Does or to provide an IP address that might be used to identify them, Plaintiff would expect to seek to voluntarily dismiss the claims without prejudice.

With respect to the fifth factor, the availability of less drastic sanctions, other alternatives exist to immediate dismissal, such as the Court revisiting the issue at some future date after the third-party subpoena responses are complete. If that process is exhausted and Plaintiff cannot identify a means to locate the John Does, then a dismissal would be appropriate at that time. However, Plaintiff expects that it would voluntarily dismiss without prejudice pursuant to Rule 41 if that scenario occurs, and acknowledges the need to do so in a timely manner.

Ultimately, in the context of a John Doe case, Plaintiff submits that a longer delay should be expected and tolerated than in an ordinary case where a plaintiff knows the identity of the defendants but simply fails to take any action to serve them. That delay of course cannot be indefinite, and the plaintiff must be mindful of the need to remove a case from the docket if there is no longer any hope of finding the John Doe(s), but Plaintiff here is currently and actively taking steps to discover the John Doe(s) and effect service, and has done so in accordance with the 9th Circuit requirements specific to this situation.

DATED: January 11, 2020

Respectfully submitted,

**KNEUPPER & COVEY, PC**

/s/Kevin M. Kneupper

Kevin M. Kneupper, Esq.

*Attorneys for Plaintiff Stephanie Cummings and the putative Class*