Kevin Kneupper, Esq. (CA SBN 325413)
Kneupper & Covey, PC
4475 Peachtree Lakes Dr.
Berkeley Lake GA 30096
512-420-8407
kevin@kneuppercovey.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CUMMINGS,<br><br>        Plaintiff,<br><br>    vs.<br><br>RALPH WYER et al,<br><br>        Defendants | Case No.: 2:19−cv−08766 DMG (AGRx)<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiff Stephanie Cummings ("Plaintiff"), by and through her attorneys, brings this *Ex Parte* Motion for Leave to File a Second Amended Complaint to correct errors in the case caption of the First Amended Complaint, as well as the name of one of the parties (Pepper Hill Empire LLC). A redline of the proposed Second Amended Complaint is attached as Appendix A. Per the Court's Initial Standing Order, dkt. 6 at 5, a Notice of Lodging attaching the proposed Second Amended Complaint is being filed separately.

**I.    PLAINTIFF'S COMPLIANCE WITH L.R. 7-19**

Local Rule 7-19.1 requires an attorney applying for an *ex parte* order: "(a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

The undersigned Counsel is aware of attorneys for only one of the Defendants, Ralph Wyer. Pursuant to L.R. 7.19, their contact information is as follows:

Karl Kronenberger
Kronenberger Rosenfeld LLP
150 Post Street
Suite 520
San Francisco, CA 94108
415-955-1155 Ext. 114
karl@krinternetlaw.com

Jeffrey Rosenfeld
Kronenberger Rosenfeld LLP
150 Post Street
Suite 520
San Francisco, CA 94108
415-955-1155 Ext. 112
jeff@krinternetlaw.com

Plaintiff was contacted by Mr. Kronenberger shortly after filing the First Amended Complaint to discuss a settlement proposal. Counsel for Plaintiff orally informed Mr. Kronenberger that Plaintiff planned to amend the Complaint to address the case caption issue on phone calls that took place on April 3rd and 5th.  Kneupper Decl. at 1 ¶ 3. On April 10th, Plaintiff sent Mr. Kronenberger and Mr. Rosenfeld a letter via e-mail stating that Plaintiff planned to seek leave to amend, identifying the proposed changes, and requesting that they state whether Defendant Ralph Wyer had any objections, and if so to provide a time for a meet and confer. Ex. A, Kneupper Decl. at 2 ¶ 6.

Plaintiff followed up on this letter with an e-mail to Mr. Kronenberger and Mr. Rosenfeld on April 16th, an e-mail April 20th attaching a redlined draft of the proposed Second Amended Complaint, a phone call and voicemail to Mr. Kronenberger on April 22nd, and another reminder e-mail on April 22nd. Exs. B, C, D; Kneupper Decl. at 2 ¶¶ 7-9.

On April 22nd, Mr. Kronenberger responded to Plaintiff's requests via e-mail as follows: "Because we are not counsel of record in this case, it would be improper for us to stipulate to any amendment." Ex. E.

Plaintiff is presently unaware of any other Counsel for any other party who could be contacted regarding the proposed Second Amended Complaint. Kneupper Decl. at 2 ¶ 5.

## II.   ARGUMENT

### A. Standards for Granting Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Moss v. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (leave to amend should be granted with "extreme liberality"). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (*quoting Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)); *see also Nordstrom v. Dean*, No. CV 15-7607 DMG (FFMx), 2016 U.S. Dist. LEXIS 194177 (C.D. Cal. Jan. 8, 2016).

A court should not deny leave to amend except in the presence of (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and/or (4) futility of amendment. *William O. Gilley Enters, Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n. 8 (9th Cir. 2009). "[T]his determination [to grant or deny leave to amend] should be performed with all inferences in favor of granting the motion." *Id.; see also Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion").

As explained below, the Plaintiffs have met these standards.

### B. Plaintiff Should Be Granted Leave to Amend

A redline of the Plaintiff's proposed Second Amended Complaint is attached as Appendix A. The only proposed changes are on page 1, lines 15:28 and page 2, lines 1-28 (which edits the caption to list all Defendants) and page 11 ¶ 51, line 3 (which changes "Pepper Hill Empire" to "Pepper Hill Empire LLC).

The first proposed change is to edit the case caption to bring it into compliance with Federal Rule of Civil Procedure 10(a), which requires that the caption for the complaint "must name all the parties...." The Plaintiff erroneously used "et al" in the First Amended Complaint, which is permitted only in subsequent pleadings. Fed. R. Civ. P. 10(a).

The second proposed change, on page 11 ¶ 51, is to correct an error in one of the party's names. One of the shell corporations at issue was listed as "Pepper Hill Empire," when the correct name of that entity is "Pepper Hill Empire LLC."

The Plaintiff's purpose in making these changes is to avoid any arguable prejudice to the Defendants. *See Ferdik v. Bonzalet*, 963 F.2d 1258 (9th Cir. 1992). While the *Ferdik* case involved a party who failed to amend a similar case caption issue in response to a court order to do so, and appears to have involved a complaint with no identification of who the parties in the "et al" were whatsoever, the case implies that there could be prejudice or ambiguity from failing to comply with Rule 10(a).

This District's rules governing the form for a summons also provide that: "The caption of the summons must match the caption of the complaint or amended complaint verbatim." *Summons in a Civil Action*, https://www.cacd.uscourts.gov/forms/summons-civil-action (last visited Apr. 22, 2020). They require that "[t]he term 'et al.' cannot be used in a summons caption." *Id*.

Given these rules, and given the number of Defendants to be served and the cost and effort that may be associated with doing so, Plaintiff believes that it is best to correct these issues prior to service to ensure that there is no ambiguity in the notice provided to the Defendants.

Counsel for Plaintiff erred in using "et al" in the caption for the Second Amended Complaint. However, given that the complaint was only recently filed, and that Plaintiff has not delayed in seeking leave to amend, leave is appropriate.

Plaintiff is not acting in bad faith—the errors at issue were inadvertent and not intentional, and Plaintiff sought to correct them almost immediately by raising the issue with the only known counsel for any Defendant on calls on April 3rd and April 5th, a few days after the First Amended Complaint was filed. Kneupper Decl. at 1 ¶ 3.

The proposed amendments similarly would not cause undue delay given how little time has passed since filing and given the early stage of the proceedings. *See Ibekwe v. White*, No. CV 14-06523 DMG (JPRx), 2014 U.S. Dist. LEXIS 195239 (C.D. Cal. Oct. 3, 2014) ("Given the early stage of the proceedings and the nature of the claims, permitting Ibekwe to amend his FAC causes no prejudice to Defendants.").

The proposed amendments would not prejudice Defendants—indeed, the purpose of these amendments is to ensure that there is no such prejudice to Defendants and that there are no arguable issues with the propriety of the notice to the Defendants of this lawsuit, the summons, and/or service of process.

Finally, the proposed amendments would not be futile because they do not go to the substance of the claims—they are directed at procedural requirements, and they would ensure proper compliance with those requirements.

### III. CONCLUSION

Given the "extreme liberality" with which leave to amend is to be granted, and given the factors above, Plaintiff should be permitted to file the proposed Second Amended Complaint.

Dated this 23rd day of April, 2020

/s/ Kevin Kneupper /s/

Kevin Kneupper
*Attorney for Plaintiff Stephanie Cummings and the putative Class*